IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| RENEE IMEH OKON, pro se, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Civil Action No. AW-08-3178 |
| | * | |
| ALAN S. KERXTON | * | |
| | * | |
| Appellee. | * | |

**************************************************************************

## MEMORANDUM OPINION

This appeal arises from an order of the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court"). Appellant Renee Imeh Okon ("Okon") contends that the Bankruptcy Court erred by issuing an order on September 30, 2008 that denied Appellant's Second Motion for Sanctions for the Fake Document Sent Through the United States Bankruptcy Court. This Court has reviewed the entire record, as well as the pleadings with respect to the appeal. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons stated below, the Court affirms the Bankruptcy Court's decision.

**I.     FACTUAL & PROCEDURAL BACKGROUND**

On February 16, 2007, Okon filed a Chapter 13 voluntary petition with the Bankruptcy Court. *See in re Okon*, No. 07-11470 (Bankr. D. Md.) (Mannes, J.). Appellee Alan Kerxton ("Kerxton") was counsel to at least one of Okon's creditors. On March 3, 2007, Kerxton's clients filed a motion for relief from the automatic stay in place in the bankruptcy proceeding. On March 13, 2007, Okon filed a motion to extend the automatic stay. The Bankruptcy Court denied Okon's motion to extend on March 28, 2007. Thus, the automatic stay terminated on March 19, 2007. On

May 1, 2007, the Bankruptcy Court issued an order denying as moot Kerxton's clients' motion for relief from automatic stay. Kerxton apparently prepared the May 1, 2007 order that Judge Mannes ultimately signed and issued.

Based on the above facts, Okon filed a Second Motion for Sanctions for the Fake Document Sent Through the United States Bankruptcy Court against Kerxton on September 3, 2008. Okon's Motion was adjudicated as a separate adversary proceeding. *Okon v. Kerxton*, No. 08-00677 (Bankr. D. Md.). On September 30, 2008, the Bankruptcy Court denied Okon's motion for sanctions and closed the adversary proceeding. Okon appeals that decision.

## II.     STANDARD OF REVIEW

The court has jurisdiction over appeals from the Bankruptcy Court pursuant to 28 U.S.C. § 158. *See In re Jackson*, 190 B.R. 808, 810 (W.D.Va. 1995); *In re Fraidin*, 188 B.R. 529, 532 (D.Md. 1995). The Court reviews a Bankruptcy Court's decision whether to award sanctions for abuse of discretion. *In re Weiss*, 111 F.3d 1159, 1169 (4th Cir. 1997).

## III.    ANALYSIS

Okon argues that the Bankruptcy Court erred in dismissing her adversary proceeding and failed to give her due process. Okon also alleges that Judge Mannes is biased in favor of Kerxton. Okon's arguments are meritless and present no basis to reverse the Bankruptcy Court's decision. Specifically, Okon presents no evidence to suggest that Judge Mannes' decision to deny her motion for sanction was an abuse of discretion. To the contrary, the record strongly supports Judge Mannes' decision.

In particular, Okon's motion for sanctions reflects a severe misunderstanding of the litigation process. Okon argues that Kerxton committed a fraud upon the Bankruptcy Court by submitting a

proposed order denying his client's motion. The submission of a proposed order to a court is an everyday practice that is in no way fraudulent. *See* Local Bankr. Rule 9013-3 (D. Md.).

Okon's claim regarding a lack of notice appears to relate to an alleged failure to receive a copy of Kerxton's client's motion for relief from the automatic stay in March 2007. There is no evidence in the record to suggest that Okon failed to receive notice. Moreover, even if Okon failed to receive notice, the motion for relief from the automatic stay was denied by the Bankruptcy Court. As such, Okon was not prejudiced in any manner.

Finally, Okon's argument that Judge Mannes is biased is frivolous and warrants no further discussion.

### IV.     CONCLUSION

For the foregoing reasons, the Court affirms the Bankruptcy Court's September 30, 2008 order. A separate Order will follow.

| | |
|---|---|
| __April 28, 2009__ | _____/s/_____ |
| Date | Alexander Williams, Jr. |
| | United States District Judge |

3